IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00805-RM-CBS

JONATHAN P. SAUNDERS,
    Plaintiff,
v.

UNITED STATES OF AMERICA,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This matter comes before the court on a Motion to Dismiss (Doc. # 21) filed on September 30, 2016, by Defendant United States of America.  Pursuant to the Order Referring Case (Doc. # 35) and memorandum (Doc. # 36) both dated January 21, 2016, the motion was referred to the Magistrate Judge.  This court has carefully considered the motion and related briefing, the entire case file, and applicable case law.  For the following reasons, I recommend that Defendant's motion be granted.

## I.    Statement of the Case

    Jonathan Saunders ("Plaintiff"), proceeding *pro se*, brings claims for monetary damages against Ms. Krohn, a former contracting officer for the VA Medical Center in Cheyenne, Wyoming, arising out of statements allegedly made by her concerning work performed by his company ("Saunders Architects & Engineers") for the VA Medical Center.  (*See* Complaint (Doc. # 1)).  Mr. Saunders alleges that he worked with Ms. Krohn on a federal project in Wyoming that was completed in 2011; he listed Ms. Krohn as a reference for contract proposals in Colorado in June 2013; and Ms. Krohn lied about him in an email response she sent to an individual

1

checking Mr. Saunders's references. (*See id.* at 2-3).  Specifically, Mr. Saunders alleges Ms. Krohn's email statements "blatantly lie[d]" about the following: (1) Plaintiff closing his business, firing all personnel, and dropping himself out of all databases during the project (*id.* at 4 (claim one)); (2) Ms. Krohn being unable to locate or contact Plaintiff for several months during the project, until she finally tracked down Plaintiff's son (*id.* at 5 (claim two)); (3) Plaintiff having previously shut down his business (*id.* at 6 (claim 3)); and (4) the VAMC not being happy with Plaintiff's work, but paying him to go away after he said that he had fulfilled his contractual obligations and would go to court, if necessary (*id.* at 7 (claim 4)).

Federal law provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment.  *See* 28 U.S.C. § 2679(b)(1).  Since Ms. Krohn was acting within the scope of her employment at the time of the incident that forms the basis of Mr. Saunders's claims, the United States was substituted as the party defendant in place of Ms. Krohn.  (*See* Exhibit A to Motion (Doc. # 18), Order on Motion to Substitute Party (Doc. # 20)). The allegations asserted against Ms. Krohn, a federal employee, are brought under the Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 2671–2680.

## II.     Analysis

Defendant moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on two bases.  The United States first contends that Plaintiff's claim is barred by sovereign immunity under the FTCA.  (*See* Doc # 21 at 7). Defendant further argues that Plaintiff failed to exhaust his administrative remedies prior to bringing this suit.  (*See id.* at 5).  In his Response, Mr. Saunders generally disputes Defendant's assertion of immunity and maintains that his claim is exempt from administrative exhaustion

2

requirements. (*See* Response to Motion to Dismiss (Doc #32)). In opposition to Defendant's Motion to Dismiss, it appears Mr. Saunders is also asserting a fraudulent misrepresentation claim and constitutional tort claims. (*See* Doc. # 32 at 2, 3, 4, 6).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." The determination of subject matter jurisdiction is a threshold question of law. *Madsen v. U.S. ex. rel. U.S. Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. Art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The court applies a rigorous standard of review when presented with a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Consumers Gas & Oil, Inc. v. Farmland Indus. Inc.*, 815 F.Supp. 1403, 1408 (D. Colo. 1992). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). *See also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks and citations omitted). As the party asserting jurisdiction, Mr. Saunders bears the burden of establishing that this court has jurisdiction to hear his claims against the Defendant. *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F.Supp.2d 1304, 1308–09 (D. Colo. 2001) (citation omitted).

Because Mr. Saunders appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

3

less stringent standards than formal pleadings drafted by lawyers"). However, the court cannot be a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate). The court should not "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The United States must waive its immunity from suit in order to be sued. *James v. U.S.*, 970 F.2d 750, 753 (10th Cir.1992). "The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit." *Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 852 (10th Cir. 2005) (citing 28 U.S.C. § 1346(b)). A plaintiff wishing to invoke a waiver of sovereign immunity bears the burden of proving that the statute's waiver applies to their particular claims. *See James, 970 F.2d at 753*. Otherwise, the FTCA bars the court from exerting subject matter jurisdiction over such claims. *Id.*

Mr. Saunders generally alleges Ms. Krohn intentionally sent a "slanderous email" containing allegedly untrue statements concerning his previous work for the VAMC. (*See* Doc. # 1 at 8). Even under a broad interpretation of the Complaint, the Plaintiff is asserting claims for libel or slander. The FTCA specifically retains the United States' sovereign immunity from "[a]ny claim arising out of ... libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Further, to the extent the Complaint can be construed as asserting claims of fraudulent misrepresentation, those claims similarly do not provide a proper basis for jurisdiction. The Supreme Court has held that sovereign immunity under the FTCA extends to claims of fraudulent misrepresentation. *See U.S. v. Neustadt*, 366 U.S. 696, 702

4

(1961). Because Mr. Saunders has failed to demonstrate that the United States has waived sovereign immunity for the circumstances he alleges, his claims must be dismissed.

Insofar as Mr. Saunders is attempting to assert constitutional claims for the first time in his Response, they must be disregarded as they are not in the Complaint. Even if they were in the Complaint, the United States has not waived its sovereign immunity for constitutional torts. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. at 410. *See also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483–86 (1994) (holding that a *Bivens* action may not be brought against the United States). Supposing Ms. Krohn were still a defendant, the constitutional claim alleged—lost income and employment opportunities caused by defamation—would also not give rise to a cause of action under the facts provided. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (holding that impairment of future employment opportunities flowing from alleged defamation by federal employee was not compensable in a *Bivens* action); *See also Renaud v. Wyoming Dep't of Family Servs.*, 203 F.3d 723, 728 (10th Cir. 2000) (holding that because Defendant's statements were not made in the course of discharging Plaintiff, Plaintiff failed to show one of the four essential elements that establish a deprivation of a liberty interest).

"As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). A party's satisfactory presentation to the administrative agency includes "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Staggs v. U.S.*, 425 F.3d 881, 884 (10th Cir. 2005) (quoting *Cizek v. U.S.*, 953 F.2d 1232, 1233 (10th Cir. 1992)). These exhaustion requirements cannot be waived. *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003); *Bradley v. U.S.*, 951 F.2d 268, 270 (10th Cir. 1991). Mr. Saunders seems to

suggest his FTCA claims were not subject to administrative review before he filed; however, § 2675(a) "admits of no exceptions." *Jerves v. U.S.*, 966 F.2d 517, 521 (9th Cir. 1992). Because Mr. Saunders has not alleged that he pursued an administrative claim which fully complied with the FTCA, his claims are not properly before the court.

Accordingly, IT IS RECOMMENDED that Defendant United States of America's "Motion to Dismiss" (filed September 30, 2015) (Doc. # 21) be dismissed without prejudice.[1]

**Advisement to the Parties**

Within **fourteen days** after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th

---

[1] *See Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction ... the dismissal must be without prejudice.").

Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 16th day of February, 2016.

                                    BY THE COURT:

                                    s/Craig B. Shaffer
                                    United States Magistrate Judge